[Civ. No. 40781. Second Dist., Div. One. June 19, 1973.]

PATRICK C. WARFIELD, Plaintiff and Appellant, v.
McGRAW-HILL, INC. et al., Defendants and Respondents.

**COUNSEL**

Patrick C. Warfield, in pro. per., for Plaintiff and Appellant.

Gibson, Dunn & Crutcher and Theodore B. Olson for Defendants and Respondents.

**OPINION**

**LILLIE, J.**—In this action for damages for alleged defamation by slander plaintiff appeals from summary judgment entered in favor of defendants; he also noticed an appeal from order denying his motion to amend his complaint to conform to proof. ▇ Inasmuch as it is reviewable on appeal from the judgment, such order is nonappealable. (*Hurley* v. *Lake County,* 133 Cal.App. 219, 221 [22 P.2d 838]) and the attempted appeal therefrom is dismissed.

Prior to the events involved herein, plaintiff was an account executive with an advertising agency (Reach-McClinton Inc.); one of the accounts supervised by him was the Sperry Flight Systems (Sperry), a division of the Sperry Rand Corporation, which maintained an office in Los Angeles and was engaged in the production of equipment for commercial and military aircraft. Defendant was the publisher of a periodical named "Aviation Week and Space Technology" (Aviation Week) containing news and advertising relative to the aviation and aerospace fields—defendant Plattner was its engineering editor and defendant Miller its Los Angeles bureau chief. In November 1968, plaintiff made a telephone call to Plattner to ascertain the plans of Aviation Week's editorial department for coverage of a flight by the X-24, a military aircraft which carried some equipment designed by Sperry Flight Systems; he did so at Sperry's request so that a Sperry advertisement could be scheduled for the issue carrying the story of the flight. It is this telephone call which precipitated the instant litigation.

According to the proposed amended complaint,[1] defendant Plattner "was rude and hostile" to plaintiff. As a result of such telephone conversation, defendants Plattner and Miller thereafter verbally communicated with plaintiff's employer, as well as his client (Sperry), using language which "signif[ied] the following content."[2] As a proximate result of the foregoing communications, entered into maliciously by defendants with intent to defame and injure plaintiff professionally, he was terminated by his employer and sustained other damages, physical and mental.

---

[1]While a factual deficiency in the affidavit cannot be remedied by resort to the pleadings, we may examine the latter in order to define the issues disposed of by the summary judgment challenged. (*Michelman* v. *Frye,* 238 Cal.App.2d 698, 702 [48 Cal.Rptr. 142].) Too, it appears that such pleading was expressly given consideration by the court prior to rendition of judgment.

[2]"a) 'He (the plaintiff) has attempted to interfere with the editorial policy of AVIATION WEEK magazine.' b) 'He placed the editorial integrity of the magazine in question.' c) 'He performed an act so serious that we plan to call the President of Sperry Flight Systems, Bob Roe, about it.' d) 'He attempted to induce or force Plattner to violate the magazine's policy of separation between editorial and advertising departments.' e) 'He attempted to obtain information to which he had no right.' f) 'He made a request that was unfair and improper.' g) 'It is traditional in this business that advertising account executives are not supposed to try to obtain information concerning the editorial intentions of any ethical magazine, yet he (the plaintiff) did this.' h) 'He should have known better than to call Plattner.' i) 'We want to know if you (at Sperry Flight Systems) put him (the plaintiff) up to it.' j) 'He violated industry ethics.' k) 'He attempted to push, pressure or coerce one of our AVIATION WEEK editors by the name of Tony Plattner during a telephone conversation with him on November 19.'1) 'He used threatening language with Plattner.' m) 'He used profane language with Plattner and swore at him.' n) 'He attempted [*sic*] to upset Plattner.' o) 'He abruptly terminated the telephone conversation with Plattner in a rude manner by hanging up on Plattner.' p) 'He behaved in a generally belligerent manner with Plattner.' "

Several declarations in support of the motion for summary judgment, and in opposition thereto, were filed; after consideration thereof the court determined that no triable issue of fact had been presented (as provided by § 437c, Code Civ. Proc.) and rendered judgment accordingly. Renewed here are the following contentions advanced by defendants below: The statements made by Plattner and Miller were not defamatory being true even under plaintiff's version of the facts,[3] and they were conditionally privileged and made without malice;[4] and plaintiff's opposition to the motion consisted of declarations conclusionary and hearsay in nature and, therefore, of no value in determining whether there were issuable questions of fact. (*Bennett* v. *Hibernia Bank,* 186 Cal.App.2d 748, 754 [9 Cal.Rptr. 896].) "Summary judgment is proper only if the affidavits in support of the moving party would be sufficient to sustain a judgment in his favor and his opponent does not by affidavit show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue. The aim of the procedure is to discover, through the media of affidavits, whether the parties possess evidence requiring the weighing procedures of a trial. In examining the sufficiency of affidavits filed in connection with the motion, the affidavits of the moving party are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion. Such summary procedure is drastic and should be used with caution so that it does not become a substitute for the open trial method of determining facts. [Citations.] Thus, the trial court was justified in granting the motion here only if the declarations filed in support of it, strictly construed, contain facts sufficient to entitle the defendants to judgment, and those of the plaintiffs, liberally construed, show that there was no issue of fact to be tried." (*Stationers Corp.* v. *Dun & Bradstreet, Inc.,* 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785].)

The record has been properly augmented, pursuant to order of this court to include plaintiff's motion to amend his complaint (to conform to proof) thus overcoming one of defendants' objections to our consideration of such pleading for the limited purpose stated under footnote 1, *supra;* their only other reference to this phase of the appeal is that the trial court

---

[3]"Slander is a *false* and unprivileged publication, orally uttered, . . ." (Italics added.) (Civ. Code, § 46.)

[4]Section 47, subdivision 3, Civil Code, provides that "A privileged publication . . . is one made . . . 3. In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or (3) who is requested by the person interested to give the information."

considered all of the so-called "proof" sought to be thus incorporated and found it lacking as a basis for denying the motion for summary judgment. In all the above circumstances, the proposed pleading will be considered by this court (*Campbell-Kawannanakoa* v. *Campbell,* 152 Cal. 201, 203 [92 P. 184]) in determining whether plaintiff has met his burden. ■ If the movant shows that he is entitled to summary judgment, "then the opponent cannot rely upon the allegations of his pleading but must, apart from such pleading, show by his affidavits he has sufficient proof of the matters alleged to raise an issuable question of fact in regard thereto." (*Hayward Union etc. School Dist.* v. *Madrid,* 234 Cal.App.2d 100, 120 [44 Cal.Rptr. 268].)

The statements allegedly made by Plattner and Miller reflected critically and unfavorably on plaintiff's role in the course of the particular telephone conversation. While most of such criticisms cannot possibly be classified as defamatory, at least one may fairly be said to fall within the definition of slander as set forth in section 46, Civil Code. Thereunder a false and unprivileged communication, orally uttered concerning a person, is slanderous if it "3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits." According to plaintiff, the statements asserted that "He violated industry ethics." (Fn. 2, (j).) Unless privileged, it has been held that similar statements about an attorney, a clergyman, a teacher, a newspaper publisher and a businessman are actionable under the subdivision above quoted. (See 30 Cal.Jur.2d, Libel and Slander, § 105.) Furthermore, at least one of the declarations in opposition to the motion (for summary judgment) is free from defendants' criticism that they were based on hearsay and conclusionary; such declaration is that of John Markey with "35 years experience in the advertising and media business in the U.S. and Canada." He declared that "as an agency executive I have directed the marketing programs for over thirty major advertising accounts; that I have held several management positions including Vice President for Kenyon & Eckhardt, Inc. in Canada, Vice President in charge of West Coast for Roy S. Durstine Inc. . . ."; that he had read the declaration of defendant Barry Miller filed in the instant cause; that "the gist and content of such declaration was wrongful and unjustifiable"; that "even accepting the defendants' versions of Mr. Warfield's conduct as completely true, Mr. Warfield acted properly within the context of industry behavioral standards." The declaration, several pages in length, contains additional statements which, if true, warranted a denial of the motion on the grounds thus far considered.

Since declarant Markey had read defendant Miller's declaration, it can hardly be said to be hearsay; nor was it necessarily objectionable under the rule governing motions of this kind because it set forth the conclusion or opinion of the declarant. Concerning conclusions of law and fact in counter-affidavits, the Supreme Court said in *Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 561 [122 P.2d 264]: "Plaintiff asserts that defendant's affidavits contain nothing but conclusions of fact and law and are thus insufficient. As we have seen it is not necessary that the averments be rigidly restricted to evidentiary matter. It may be that some of the allegations or statements are somewhat in the nature of conclusions, but we are satisfied that facts within the knowledge of the affiants and to which they are competent to testify, are set forth with sufficient particularity, and from which it appears that a bona fide defense to the action exists. This is especially true when we are mindful of the rule of liberal construction applicable to cases of this character." (Accord: *Hatch* v. *Bush,* 215 Cal. App.2d 692, 702 [30 Cal.Rptr. 397, 13 A.L.R.3d 503]; *Scheble* v. *Nell,* 200 Cal.App.2d 435, 439 [19 Cal.Rptr. 375]; *Whaley* v. *Fowler,* 152 Cal.App.2d 379, 383-384 [313 P.2d 97].)

 Notwithstanding the above conclusions, defendants are still entitled to prevail on this appeal if, as they contend, the statements were conditionally or qualifiedly privileged and made without malice. Plaintiff has little, if anything, to say in either of his briefs about this phase of the litigation; for that and other reasons, we think that defendants' claims are well taken. As pertinent here, a communication is privileged if made without malice to a person interested therein (1) by one who is also interested, or (2) by one whose relationship to the person interested is such as to afford reasonable ground for supposing an innocent motive for the communication. If plaintiff, as Plattner and Miller allegedly believed, was trying to interfere with the editorial policy of their magazine, as persons interested in maintaining such policy they had the right to communicate such fact to plaintiff's client (Sperry); the latter, in turn, would certainly be interested in knowing whether their employee was engaged in an improper attempt to obtain information from the magazine which its editors did not desire to reveal. More specifically, if plaintiff's call to Plattner was a deliberate one to invade (as defendants claim) "the editorial sanctuary," they had a proper interest in preventing its recurrence; if, however, the call was simply due to some ignorance or misunderstanding on plaintiff's part, defendants had the right to make sure that plaintiff's misunderstanding was corrected—in this case, by communicating the details of the incident to Sperry. Decisional law has recognized the defense of qualified privilege in a variety of commercial settings; in our view, the instant case comes within the ambit of such cases. (*Stationers Corp.* v. *Dun & Bradstreet, Inc., supra,* 62 Cal.2d

412, 418; *Roemer* v. *Retail Credit Co.,* 3 Cal.App.3d 368, 370-371 [83 Cal.Rptr. 540].)

Finally, since the communications were qualifiedly privileged, plaintiff was required to show that they were made with actual malice (*McCunn* v. *California Teachers Assn.,* 3 Cal.App.3d 956, 962 [83 Cal.Rptr. 846]) or with knowledge of their falsity or a reckless disregard for the truth. (*Roemer* v. *Retail Credit Co., supra,* at p. 370.) As stated earlier, plaintiff points to no part of the record which shows that the individual defendants were thus motivated. In such circumstances, although his counter-declarations deserved a liberal construction, they failed to overcome the critical averments in the movant's papers.

The judgment is affirmed.

Wood, P. J., and Thompson, J., concurred.