[Civ. No. 20930. Third Dist. Mar. 3, 1982.]

THEODORE J. WILLIAMS, Plaintiff and Appellant, v.
HOWARD TAYLOR et al., Defendants and Respondents.

COUNSEL

Douglas C. Sohn for Plaintiff and Appellant.

Halkides & Morgan, Arthur L. Morgan and Geoffrey A. Mires for Defendants and Respondents.

**OPINION**

**SPARKS, J.**—In this appeal we examine the question of privilege in the context of a commercial slander. Plaintiff Williams brought this action alleging various causes of action against his former employer, Taylor Motors, Inc. (Taylor Motors); the company's president, Howard Taylor; and the company's general manager, Jerry Newcomer.[1] The trial court granted defendants' motion for summary judgment as to all causes of action alleged in plaintiff's complaint. We affirm.

---

[1]Hereafter, defendants are referred to either individually by name or collectively as defendants.

court granted defendants' motion for summary judgment as to all causes of action alleged in plaintiff's complaint. We affirm.

Prior to May 1979, plaintiff was employed as manager of the body shop of defendant Taylor Motors. In May 1979, plaintiff's employment was terminated. According to defendant Taylor's declaration, he became alerted to a "problem" in the body shop and began an investigation. His investigation disclosed numerous inconsistencies in the company's work records, including missing repair orders, the appearance of fictitious names on various repair orders, time logs which did not accurately reflect the time actually spent working on automobiles, and unauthorized work which was performed on company time and at company expense. It further appeared to Taylor that plaintiff was responsible for the questionable activity.

In September 1979, Taylor contacted the Redding Police Department and reported his findings. Officer Gale Jackson was assigned to the case. After a month-long investigation, Jackson concluded plaintiff was criminally responsible. Jackson submitted his findings to the Shasta County District Attorney's office, and a criminal complaint against plaintiff was filed. The complaint charged plaintiff with two counts of grand theft (Pen. Code, § 487, subd. 1) and two counts of embezzlement. (Pen. Code, § 508.) A preliminary examination was held in November 1979; the magistrate made no findings with respect to one charge each of grand theft and embezzlement, but bound plaintiff over for trial with respect to the two other counts. On the day of trial, the charge of grand theft was dismissed on motion of the People; thereafter, a jury trial was held on the remaining charge of embezzlement, and plaintiff was acquitted.

Following his acquittal, plaintiff filed suit, alleging slander, malicious prosecution and intentional and negligent infliction of emotional distress. Defendants moved for and were granted summary judgment. Plaintiff appeals from that judgment.

I

In his first cause of action for slander, plaintiff alleged that between June 1979 and December 1979 defendants Newcomer and Taylor "spoke words of and concerning the plaintiff which accused the plaintiff of committing the crime of theft while employed by TAYLOR MOTORS, INC." Plaintiff further alleged that these "spoken words were heard by Redding Police Officer Gale Jackson, [Keith Sanford, John Swanson,

Scotty Merryman] and several other persons whose names are not known to the plaintiff."

Defendants' motion for summary judgment was supported by the declaration of defendants Jerry Newcomer and Howard Taylor and by that of John Swanson and Frank Scott Merryman. In addition, counsel for defendant, Arthur L. Morgan, filed his own declaration and incorporated selected portions of the deposition transcripts taken on the oral examination of Detective Gale Jackson and Keith Sanford.

Plaintiff filed points and authorities in opposition to the motion but did not file any opposing declarations. Instead he sought and obtained an order directing the clerk to receive and file his own deposition, together with the depositions of Gale Jackson and Keith Albert Sanford, Sr. (See Code Civ. Proc., § 2019, subd. (f)(1).) Under that section, these depositions were "filed as part of the record."

■ Plaintiff asserts there is a triable issue of fact concerning allegedly slanderous statements made by defendants to Keith Sanford and John Swanson, two insurance adjusters who referred business to defendant Taylor Motors. According to the complaint, defendants told Sanford and Swanson that plaintiff committed "the crime of theft while employed by TAYLOR MOTORS, INC." Defendants concede having made statements to both Swanson and Sanford concerning the reasons for plaintiff's termination; they maintain, however, that all such statements were conditionally privileged. We agree.

Civil Code section 47, subdivision 3,[2] recognizes a qualified or conditional privilege where the communicator and the recipient have a common interest and the communication is of a kind reasonably calculated to protect or further that interest. (See *Deaile* v. *General Telephone Co. of California* (1974) 40 Cal.App.3d 841, 846 [115 Cal. Rptr. 582]; *Fairfield* v. *Hagan* (1967) 248 Cal.App.2d 194, 204-205 [56 Cal.Rptr. 402].) The undisputed evidence submitted by defendants in support of their motion for summary judgment demonstrates that both Swanson and Sanford dealt on a continuing basis with Taylor Mo-

---

[2]Civil Code section 47 provides: "A privileged publication or broadcast is one made— ... [¶] 3. In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent ...."

Hereafter, all statutory references are to the Civil Code unless otherwise indicated.

tors, and specifically with the manager of the body shop—the position held by plaintiff before he was fired. If, as defendants believed, plaintiff abused his position as body shop manager by engaging in criminal activity, it was important for defendants to bring this fact to the attention of those who directed business to that part of the operation. Defendants were not only protecting their own interests, but also the interests of the adjusters who referred business to Taylor Motors.

Plaintiff's position appears to be that there is no qualified privilege within the context of a business-customer relationship. He is mistaken. "Decisional law has recognized the defense of qualified privilege in a variety of commercial settings .... " (*Warfield* v. *McGraw-Hill, Inc.* (1973) 32 Cal.App.3d 1041, 1046 [108 Cal.Rptr. 652]; *Stationers Corp.* v. *Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412, 418 [42 Cal. Rptr. 449, 398 P.2d 785]; *Roemer* v. *Retail Credit Co.* (1970) 3 Cal. App.3d 368, 370-371 [83 Cal.Rptr. 540].) This case comes within the ambit of these cases. Plaintiff does not dispute that both insurance adjusters referred business to the body shop. Moreover, the evidence is without conflict that all "plaintiff-related" statements made by defendants to Swanson and Sanford concerned the reasons for plaintiff's termination; "[a]s such, they were of a kind reasonably calculated to protect or further a common interest of both the communicator and the recipient." (*Deaile* v. *General Telephone Co. of California, supra*, 40 Cal.App.3d at p. 847.)

Since defendants' communications to Swanson and Sanford were qualifiedly privileged, it was plaintiff's burden to show the statements were made with actual malice so as to defeat the privilege. (*Warfield* v. *McGraw-Hill, Inc., supra*, 32 Cal.App.3d at p. 1047.) The only evidence offered by plaintiff in support of his claim of malice is Sanford's declaration "[that] Mr. Taylor made the statement that [plaintiff] was a thief." Plaintiff's showing is manifestly deficient. In that same declaration, Sanford states that Taylor's calling plaintiff a thief "was the only derogatory statement I heard in connection with the incident involving [plaintiff's] termination from Taylor Motors, Inc." That Taylor called plaintiff a thief was simply Taylor's conclusion based upon his investigation of what appeared to be criminal conduct on the part of plaintiff. Again, no showing has been made other than that *all* statements made by Taylor in regard to plaintiff's termination were made in the context of protecting interests valuable to both defendants and those to whom the communications were made. "[I]f the publication is made for the purpose of protecting the interest in question, the fact that the

publication is inspired in part by resentment or indignation at the supposed misconduct of the person defamed does not constitute an abuse of the privilege." (Rest.2d Torts, § 603, com. a, pp. 291-292.)

## II

Equally correct was the granting of summary judgment as to plaintiff's claim that slanderous statements were made by defendants to Frank Merryman. Merryman was an employee of a retail outlet which sold paint to defendant Taylor Motors. In his declaration, Merryman states: "Sometime late in 1979 Howard Taylor called me to say that he was following up on some leads to check out Ted Williams. He asked me if I had ever given Ted Williams paint for his personal use and then billed Taylor Motors. I replied that I never had. There was no further conversation and Howard Taylor never said anything derogatory about Ted Williams. I never heard any comments about Ted Williams from Jerry Newcomer." Merryman's declaration was the sole evidence before the trial court relating to defendants' allegedly slanderous statements to Merryman. The granting of defendants' motion for summary judgment as to this cause of action was unquestionably correct.

## III

We hold defendants' statements to the Redding Police Department, and in particular, to Officer Jackson, to be absolutely privileged. The gist of these statements concerned the details of Taylor's investigation and his request that the police conduct further investigation into his suspicions of plaintiff's criminal activity.

Section 47, subdivision 2, provides for an absolute privilege with regard to statements made "in any . . . official proceeding authorized by law." In our view, a communication concerning possible wrongdoing, made to an official governmental agency such as a local police department, and which communication is designed to prompt action by that entity, is as much a part of an "official proceeding" as a communication made after an official investigation has commenced. (See *Imig v. Ferrar* (1977) 70 Cal.App.3d 48, 55 [138 Cal.Rptr. 540].) After all, "[t]he policy underlying the privilege is to assure utmost freedom of communication between citizens and public authorities whose responsibility it is to investigate and remedy wrongdoing." (*Ibid.*) In order for such investigation to be effective, "there must be an open channel of communication by which citizens can call his attention to suspected wrongdoing.

That channel would quickly close if its use subjected the user to a risk of liability for libel. A qualified privilege is inadequate under the circumstances. . . . [¶] The importance of providing to citizens free and open access to governmental agencies for the reporting of suspected illegal activity outweighs the occasional harm that might befall a defamed individual. Thus the absolute privilege is essential." (*King v. Borges* (1972) 28 Cal.App.3d 27, 34 [104 Cal.Rptr. 414].) And, since the privilege provided by section 47, subdivision 2, is absolute, it cannot be defeated by a showing of malice. (*Royer v. Steinberg* (1979) 90 Cal.App. 3d 490, 499 [153 Cal.Rptr. 499].)

### IV

■ The trial court also granted summary judgment as to plaintiff's claim of slander arising out of statements allegedly made by Taylor to an unnamed employee at the Department of Employment Development (Department). According to plaintiff's hearsay information, Taylor informed the Department of the reasons for plaintiff's dismissal from employment. In our view, any statements made by Taylor to the Department were absolutely privileged because they were made in connection with an official proceeding. (See *Johnson v. Hydraulic Research & Mfg. Co.* (1977) 70 Cal.App.3d 675, 684, fn. 7 [139 Cal.Rptr. 136].) Moreover, plaintiff concedes any statements made to the Department by Taylor are "arguably" within the conditional privilege provisions of section 47, subdivision 3. Since plaintiff has failed to present any facts demonstrating these statements were uttered with malice, there can be no claim of error in the granting of summary judgment as to this cause of action.

### V

Plaintiff contends the trial court erred in granting the motion for summary judgment as to his cause of action for malicious prosecution. We disagree.

■ In order to prosecute a claim for malicious prosecution, it is the plaintiff's burden to demonstrate (1) institution of criminal proceedings at the instigation of defendants, (2) termination of those proceedings favorable to plaintiff, (3) lack of probable cause, and (4) malice. (*Ramsden v. Western Union* (1977) 71 Cal.App.3d 873, 880-881 [138 Cal.Rptr. 426].)

■ There is no evidence raising a triable issue of fact as to whether defendants had sufficient probable cause to seek initiation of criminal charges against plaintiff. ■ Plaintiff's acquittal of the charge of embezzlement is *not* evidence of the lack of probable cause. (Rest.2d Torts, § 667.) Nor can evidence of the lack of probable cause be found in the fact that the prosecutor on the day of trial voluntarily dismissed the charge of grand theft. (*Id.*, § 665.) "If the prosecution of proceedings has passed out of the control of the person who initiated them into that of the public prosecutor, the abandonment of the proceedings by the latter is not a matter to be considered by the court in determining the existence of probable cause, if the public prosecutor acts on his own initiative. In this case the accuser cannot be prejudiced by the actions of the public prosecutor over whom he has no control . . . ." (*Ibid.*)

■ Plaintiff incorrectly asserts the magistrate's refusal to bind him over on the other charges of grand theft and embezzlement is conclusive as to the lack of probable cause concerning these charges. The rule that a discharge of the accused by a magistrate is conclusive of the lack of probable cause is subject to certain exceptions. (Rest.2d Torts, § 663.) The first such exception is that the discharge must be upon the merits of the action. (*Ibid.*) Here, the magistrate refused to make a finding whether plaintiff should be bound over on these charges. Thus, the magistrate expressly refrained from ruling on the merits of the action. Second, the refusal to rule on the merits did not result in a discharge of the plaintiff. The People were free to reallege both charges in the information. That they instead decided to dismiss these charges brings this claim back within the scope of the rule that where the prosecutor acts on his own initiative in dismissing an action, this provides *no* evidence of the lack of probable cause. (Rest.2d Torts, § 665.)

■ Thus, the only evidence regarding the issue of probable cause is that presented by defendants. In his declaration, Taylor submits he conducted a careful investigation into the matter, and it was only after he made his findings that he contacted the Redding Police Department. That defendants had probable cause for seeking the initiation of criminal proceedings against plaintiff is further supported by the month-long investigation conducted by Officer Jackson, which culminated in Jackson's belief that plaintiff had engaged in criminal activity. Jackson's findings were then presented to the Shasta County District Attorney's office, which in turn was also convinced of plaintiff's criminal activity,

as it issued a criminal complaint against plaintiff. The question of defendants' probable cause is simply not subject to dispute.[3]

Having determined the trial court did not err in granting defendants' motion for summary judgment as to plaintiffs' claims of slander and malicious prosecution, we need not address plaintiff's claims of intentional and negligent infliction of emotional distress.[4]

The judgment is affirmed.

Puglia, P. J., and Blease, J., concurred.

A petition for a rehearing was denied March 31, 1982, and appellant's petition for a hearing by the Supreme Court was denied April 28, 1982. Reynoso, J., did not participate therein.

---

[3]Plaintiff asserts there is a triable issue of fact as to the validity of Taylor's investigation in light of the fact that Taylor never contacted plaintiff about the matter. We find no merit in this assertion. If plaintiff wished to present his version of the matter, he could have made whatever statements he desired to Officer Jackson during the period Jackson was conducting his investigation, which was *before* criminal proceedings were initiated.

[4]In his brief on appeal, plaintiff concedes "the causes of action for infliction of emotional distress logically stand or fall within the underlying causes of action for slander and malicious prosecution."