859 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Porter STANNARD, Plaintiff-Appellant,
v.
MDT CORPORATION and Kenneth L. Lukowski, Defendants-Appellees.
 No. 87-6370.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1988.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Porter Stannard, appeals the district court's grant of summary judgment in favor of defendants-appellees, the MDT Corporation, plaintiff's former employer, and Kenneth L. Lukowski, plaintiff's former supervisor, in plaintiff's diversity suit for wrongful discharge and defamation. This suit arises out of MDT's decision to replace plaintiff as one of its Dental Product Division sales representatives after plaintiff's work allegedly suffered because of a continuing disability caused by a broken leg. Plaintiff primarily bases his wrongful discharge claim upon evidence that he was fully capable of doing his work and his defamation claim upon several letters sent by defendants to plaintiff, MDT's dealers, and allegedly to the California Unemployment Bureau. After briefing and oral argument the district court found under Rule 56(e) no genuine issue of material fact and rendered judgment for defendants as a matter of law. We affirm.
 
 
 2
 The district court properly concluded that plaintiff had failed to state a claim for wrongful discharge or defamation. As an employee-at-will under Tennessee law, plaintiff could be dismissed "for good cause, bad cause or no cause at all." Clanton v. Cain-Sloan Co., 677 S.W.2d 441, 443 (Tenn.1984). Under Tennessee law plaintiff did not make out a case for wrongful discharge. See, e.g., Whittaker v. Care-More, Inc., 621 S.W.2d 395, 396-97 (Tenn.Ct.App.1981) (rejecting attempt to modify employment-at-will rule in Tennessee). Regarding plaintiff's claim for defamation, the letters upon which plaintiff relied were either not derogatory as a matter of law, see Memphis Publishing Co. v. Nichols, 569 S.W.2d 412, 419 (Tenn.1978), or had not been published to third parties. See Stones River Motors, Inc. v. Mid-South Publishing Co., 651 S.W.2d 713, 716 (Tenn.Ct.App.1983). Thus, plaintiff failed to support his claim for defamation.
 
 
 3
 Additional arguments raised by plaintiff on appeal are of no avail. Plaintiff claims that MDT communicated negative information to the California Unemployment Bureau, despite the complete absence of record evidence linking MDT to this publication. Even assuming defamatory publication by MDT to the Bureau, any statements MDT might have made regarding plaintiff's application for unemployment benefits were privileged under both Tennessee and California law. See Tenn.Code Ann. Sec. 50-7-701(c) (Supp.1987); Williams v. Taylor, 129 Cal.App.3d 745, 754, 181 Cal.Rptr. 423, 428 (Cal.Ct.App.1982). Lastly, plaintiff's attempt to recharacterize his cause of action as one for fraud or misrepresentation must fail because these claims were not supported by any evidence whatsoever and more importantly were not mentioned in plaintiff's complaint or in the proceedings before the district court. See Brown v. Marshall, 704 F.2d 333, 334 (6th Cir.), cert. denied, 464 U.S. 835 (1983).
 
 
 4
 Accordingly we AFFIRM the judgment of the district court.