Filed 10/7/15  Donn v. Agbo CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| AMAKA DONN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>OKWII AGBO,<br><br>    Defendant and Respondent. | B256362<br><br>(Los Angeles County<br>Super. Ct. No. MC024082) |

APPEAL from an order of the Superior Court of Los Angeles County, Teresa Sanchez-Gordon, Judge.  Affirmed.

Law Office of Alaba S. Ajetunmobi and Alaba S. Ajetunmobi for Plaintiff and Appellant.

Law Office of Chad Biggins and Chad Biggins for Defendant and Respondent.

_____

## INTRODUCTION

Amada Donn sued her one-time friend Okwii Agbo for malicious prosecution after a jury acquitted Donn of criminal charges based on a complaint by Agbo. The trial court granted Agbo's special motion to strike under Code of Civil Procedure section 425.16 and dismissed the action.[1] We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Donn and Agbo are members of a charitable organization called the Odinamba Cultural Association. The organization holds meetings every other month. In 2010 Donn was the president of the organization and Agbo was Donn's "personal and close friend." After they had "a falling out over [a] personal matter," however, Agbo became involved in efforts to remove Donn as the president based on charges Donn had misappropriated organization funds.

In July 2010 the members of the organization met to discuss, among other things, the accusations against Donn. According to Agbo, Donn "became highly agitated, approached [her] from behind, grabbed [her] shoulder and forced [her] back in an attempt to grab the petition regarding her embezzlement," and then with the assistance of another member "physically assaulted and menaced" her. According to Donn, the meeting was "boisterous (as such meetings usually are) as [her] supporters protested the obvious attempt" to remove her as president, although Donn denied there was any physical altercation between the two women. The day after the meeting, Agbo filed a police report, which ultimately led to the filing of criminal charges against Donn and another participant in the disturbance at the meeting. In August 2011 a jury acquitted Donn of one count of misdemeanor battery in violation of Penal Code section 242.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

Donn filed this action for malicious prosecution in February 2013.  Donn alleged that there was a "mild argument" between Agbo and a third person, but no violence, and that Donn and Agbo "left the meeting together as friends."  Donn was surprised to learn later that Agbo had caused the Los Angeles Police Department to file a criminal complaint with the city attorney accusing Donn of battery.  Donn alleged that the case went to trial and after several days of testimony the jury acquitted her.  Donn alleged that Agbo "acted maliciously in instigating the criminal prosecution in that [Agbo] made up the accusation of battery in a desire to annoy and wrong [Donn] over a dispute concerning the management and control of an organization of which both parties were members," even though Agbo "knew that the accusation was false."  Donn claimed that her arrest, detention, and criminal trial caused her to suffer "humiliation, public ridicule, loss of personal reputation, and emotional distress."  She sought lost wages for the days she had to attend criminal court hearings and $1,242 in attorneys' fees incurred defending the charges.

Agbo filed a special motion to strike under section 425.16.  Agbo argued that her "act of the police report was absolutely privileged under Civil Code [section] 47 . . . and as such cannot form the basis of a malicious prosecution case."  She also argued that the "criminal complaint was filed with probable cause and was without malice, so this malicious prosecution case cannot survive this anti-SLAPP motion."  Donn argued in opposition to the motion that Civil Code section 47, subdivision (b), does not apply to malicious prosecution claims, and that she had presented sufficient evidence of lack of probable cause and malice to show probable success on the merits of her claim.

The trial court granted Agbo's special motion to strike.  The court ruled that Civil Code "[s]ection 47(b) gives persons the absolute right to report suspected criminal activity, even if the report is made in bad faith," and that "[s]tatements made to police and/or the district attorney concerning criminal activity are absolutely privileged and any

3

causes of action arising from that protected conduct are also protected." Donn timely appealed.[2]

## DISCUSSION

"Section 425.16, subdivision (b)(1), provides: 'A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.' The analysis of an anti-SLAPP motion thus involves two steps. 'First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one "arising from" protected activity. (§ 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then must consider whether the plaintiff has demonstrated a probability of prevailing on the claim.' [Citation.] 'Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from

---

[2]    The trial court granted Agbo's special motion to strike on December 12, 2013. That order is appealable. (§ 425.16, subd. (i), § 904.1, subd. (a)(13); *GetFugu, Inc. v. Patton Boggs LLP* (2013) 220 Cal.App.4th 141, 144, fn. 1.) Because the clerk did not serve a notice of entry of the order and counsel for Agbo did not serve such a document, Donn had 180 days to file a notice of appeal. (Cal. Rules of Court, rule 8.104(a)(1).) Donn filed her notice of appeal on May 13, 2014, well before the expiration of the six-month period. Agbo asserts that her attorney "served notice that the case was dismissed" and attaches to her brief a document her attorney served on December 12, 2013 entitled "Notice of Ruling on Anti-SLAPP Motion." This document is neither a notice of entry of the order nor a file-stamped copy of the order. (See *Carmel, Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, 399 ["serving a notice of ruling is not the same as serving a copy of the order or a notice of entry of the order, as contemplated by the rules governing the timeliness of appeals"]; *20th Century Ins. Co. v. Superior Court* (1994) 28 Cal.App.4th 666, 672 [a "notice of ruling" is not a "notice of entry"]; Cal. Rules of Court, rule 8.104(a)(1).)

4

protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute.' [Citation.]" (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 819-820; accord, *Decambre v. Rady Children's Hospital-San Diego* (2015) 235 Cal.App.4th 1, 12-13.) The defendant has the burden of proof on the first issue; the plaintiff has the burden on the second issue. (*JSJ Ltd. Partnership v. Mehrban* (2012) 205 Cal.App.4th 1512, 1520.) We review an order granting a special motion to strike under section 425.16 de novo, "applying the same two-step procedure as the trial court." (*Kenne v. Stennis* (2014) 230 Cal.App.4th 953, 963.)

Donn concedes that Agbo met her burden of showing that Donn's malicious prosecution cause of action arises from protected activity. (See *Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 734-735 ["by its terms, section 425.16 potentially may apply to every malicious prosecution action, because every such action arises from an underlying lawsuit, or petition to the judicial branch"]; *S.A. v. Maiden* (2014) 229 Cal.App.4th 27, 35 ["[a] malicious prosecution action arises from protected activity under [section 425.16] because it involves the filing and prosecution of an underlying lawsuit, or petition to the judicial branch, that allegedly was malicious"]; *Johnson v. Ralphs Grocery Co.* (2012) 204 Cal.App.4th 1097, 1104 ["[i]t is well established that [section 425.16] applies to malicious prosecution actions"].)[3] Donn does argue, however, that she met her burden of showing a probability of prevailing on that cause of action. (See *Yee v. Cheung* (2013) 220 Cal.App.4th 184, 200.)

---

[3] Donn does not argue in her opening brief that the filing of the police report was illegal as a matter of law so that it falls outside the scope of section 425.16. (Compare *Lefebvre v. Lefebvre* (2011) 199 Cal.App.4th 696, 703 [making a false police report did not implicate section 425.16] with *Kenne v. Stennis*, *supra*, 230 Cal.App.4th at p. 967 [distinguishing *Lefebvre* on the ground that the defendant in *Lefebvre* "conceded that her report to the police was both false and illegal"] and *Dwight R. v. Christy B.* (2013) 212 Cal.App.4th 697, 712-713 [distinguishing *Lefebvre* on the ground that *Lefebvre* "involved undisputed unlawful activity" and an admittedly false and illegal police report].)

Donn contends that the trial court erred in ruling that Civil Code section 47, subdivision (b), bars her cause of action for malicious prosecution. Donn is correct. The privilege of Civil Code section 47, subdivision (b), "bars all tort causes of action except a claim of malicious prosecution." (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 322; see *Action Apartment Assn. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1242 [the litigation privilege does not extend to malicious prosecution]; *Finton Construction, Inc. v. Bidna & Keys, APLC* (2015) 238 Cal.App.4th 200, 212 [litigation privilege "immunizes defendants from virtually any tort liability (including claims for fraud), with the sole exception of causes of action for malicious prosecution"]; *Daniels v. Robbins* (2010) 182 Cal.App.4th 204, 216 ["[t]he only tort claim falling outside the litigation privilege is malicious prosecution"].) Even *Hagberg v. California Federal Bank FSB* (2004) 32 Cal.4th 350, on which Donn primarily relies, holds that statements to law enforcement personnel "can be the basis for tort liability only if the plaintiff can establish the elements of the tort of malicious prosecution." (*Id.* at p. 355; see *id.* at pp. 360 [Civil Code section 47, subdivision (b), "bars all tort causes of action except a claim for malicious prosecution"], 375 [Civil Code section 47, subdivision (b), "operates to bar civil liability for any tort claim based upon a privileged communication, with the exception of malicious prosecution, whose requirements include malice, lack of probable cause, and termination in the plaintiff's favor"].)

Nevertheless, "[i]f the trial court's decision is correct on any theory applicable to the case, we affirm the order regardless of the correctness of the grounds on which the lower court reached its conclusion. [Citation.] On appeal . . . we review the entire record de novo to decide whether the defendant has shown that section 425.16 applies and, if so, whether the plaintiff has shown a probability of prevailing. [Citations.] Accordingly, we independently determine whether the challenged cause of action arose from the defendant's exercise of the constitutional right of petition or free speech—and if so, whether the plaintiff has demonstrated a probability of prevailing on the merits of the claim." (*Robles v. Chalilpoyil* (2010) 181 Cal.App.4th 566, 573; see *Personal Court*

6

*Reporters, Inc. v. Rand* (2012) 205 Cal.App.4th 182, 188-189 ["[i]f the trial court's decision denying an anti-SLAPP motion is correct on any theory applicable to the case, we may affirm the order regardless of the correctness of the grounds on which the lower court reached its conclusion"]; *Price v. Operating Engineers Local Union No. 3* (2011) 195 Cal.App.4th 962, 970 ["[w]e are not bound by the trial court's analysis and will affirm the trial court's decision if it is correct on any theory applicable to the case"].)

In addition to arguing that the litigation privilege barred Donn's malicious prosecution claim, Agbo argued that Donn could not meet her burden of showing a probability of prevailing on two of the three elements of a cause of action for malicious prosecution: probable cause and malice. Although the trial court did not rule on this issue, we agree with Agbo that Donn did not meet her burden under the second prong of the section 425.16 analysis of demonstrating a probability of prevailing on her claim.

"Although a criminal prosecution normally is commenced through the action of government authorities, a private person may be liable for malicious prosecution under certain circumstances based on his or her role in the criminal proceeding." (*Zucchet v. Galardi* (2014) 229 Cal.App.4th 1466, 1481.) "'Unjustifiable criminal litigation, causing damage to reputation and the expense of defending proceedings, gives rise to the tort of malicious prosecution, which consists of initiating or procuring the arrest and prosecution of another under lawful process, but from malicious motives and without probable cause. [Citations.] [¶] One who procures a third person to institute a malicious prosecution is liable, just as if he instituted it himself. The test is whether the defendant was actively instrumental in causing the prosecution. [Citations.]'" (*Ecker v. Raging Waters Group, Inc.* (2001) 87 Cal.App.4th 1320, 1329-1330, fn. omitted; see *Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710, 720 ["[c]ases dealing with actions for malicious prosecution against private persons require that the defendant has at least sought out the police or prosecutorial authorities and falsely reported facts to them indicating that plaintiff has committed a crime"].)

"[I]n order to establish a cause of action for malicious prosecution of either a criminal or civil proceeding, a plaintiff must demonstrate 'that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in . . . plaintiff's[ ] favor [citations]; (2) was brought without probable cause [citations]; and (3) was initiated with malice . . . .' [Citations.]" (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 871-872; see *Parrish v. Latham & Watkins* (2015) 238 Cal.App.4th 81, 95.) "[T]he probable cause element calls on the trial court to make an objective determination of the 'reasonableness' of the defendant's conduct, i.e., to determine whether, on the basis of the facts known to the defendant, the institution of the prior action was legally tenable." (*Sheldon Appel* at p. 878.) "When, as here, the claim of malicious prosecution is based upon initiation of a criminal prosecution, the question of probable cause is whether it was objectively reasonable for the defendant . . . to suspect the plaintiff . . . had committed a crime." (*Ecker v. Raging Waters Group, Inc.,* *supra,* 87 Cal.App.4th at p. 1330; accord, *Johnson v. Ralphs Grocery Co.*, *supra*, 204 Cal.App.4th at p. 1105.)

The record shows that Donn did not meet her burden of showing a likelihood of prevailing on the element of lack of probable cause. The evidence, much of it submitted by Donn in opposition to the special motion to strike, showed there was a contentious meeting over a disputed effort to remove an officer of the charitable organization that escalated into a factional conflict, with members of the organization taking sides. According to Agbo, Donn's efforts to combat the charges against her became physical. Although Donn denied there had been any "physical exchange" between her and Agbo, she did acknowledge that the "members of the organization were divided with one group supporting [Agbo] and others supporting me," the meeting was "boisterous," and there were "verbal argument[s] and the shoving of papers."

The testimony of some (but not all) of the witnesses at the criminal trial corroborated Agbo's version of the altercation. For example, one of the witnesses, the treasurer of the organization, testified that Donn suddenly went to Agbo's side and swung

8

at her, pushed her, and threw her purse. The treasurer called the incident "a fight" and estimated it lasted 30 minutes. Another member of the organization stated that Donn pushed and grabbed Agbo, that both of them threw punches, and that the fight lasted 30 minutes. Even the defense witnesses called by Donn, although they denied any physical contact between Donn and Agbo, admitted it was a confrontational meeting and that Donn reached toward Agbo, grabbed her clipboard, and scattered papers "all over the place." This evidence confirmed that Agbo had probable cause to believe Donn had committed a crime.

Donn argues that she, in her declaration in opposition to the special motion to strike, and her defense witnesses, in their testimony at the criminal trial, had different recollections about what had happened, and that the jury in the criminal case ultimately found that the prosecution had not met its burden of proof beyond a reasonable doubt. This favorable evidence, which on a special motion to strike "we accept as true" (*Oasis West Realty, LLC v. Goldman*, *supra*, 51 Cal.4th at p. 820), tends to show that a battery may not have occurred. But it does not show, given the circumstances of the incident and the number of corroborating witnesses, that it was not objectively reasonable for Agbo to believe Donn had committed a battery against her and for her to report that crime to the police. (See *Williams v. Taylor* (1982) 129 Cal.App.3d 745, 755 ["acquittal of the charge of embezzlement is *not* evidence of the lack of probable cause," "[n]or can evidence of the lack of probable cause be found in the fact that the prosecutor on the day of trial voluntarily dismissed the charge of grand theft"]; *Perry v. Washington Nat. Ins. Co.* (1936) 14 Cal.App.2d 609, 616 ["it has been repeatedly held that the existence of probable cause is not negatived merely by a showing that the accused has been able at the trial of the criminal charge to obtain an acquittal [and] that such favorable determination does not even create a conflict on the issue of probable cause"]; see also *Jarrow Formulas, Inc. v. LaMarche, supra,* 31 Cal.4th at p. 743 ["just as an action that ultimately proves nonmeritorious may have been brought with probable cause, successfully

9

defending a lawsuit does not establish that the suit was brought without probable cause"].)

Finally, "in most cases, a person who merely alerts law enforcement to a possible crime and a possible criminal is not liable if, law enforcement, on its own, after an independent investigation, decides to prosecute." (*Williams v. Hartford Ins. Co.* (1983) 147 Cal.App.3d 893, 898.) Donn did not claim or submit any evidence suggesting that the police or the city attorney did not conduct an independent investigation. Donn argues (without citing to any evidence in the record) that there were weaknesses in the prosecution's case, including the existence of minor inconsistencies in the testimony of the prosecution's witnesses and Agbo's failure to report the incident to the police immediately. But Donn does not argue or cite to any evidence suggesting that the police or the prosecutor failed to conduct an adequate investigation before filing the charges and prosecuting the case, or that Agbo, after she reported the incident to the police, did anything to interfere with or obstruct the investigation.

## DISPOSITION

The order is affirmed. Agbo is to recover her costs and attorneys' fees on appeal.


SEGAL, J.


We concur:



PERLUSS, P. J.                    ZELON, J.

10